# IN THE UNTIED STATES COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**KATHRYN E. MUNSON,**
      **Plaintiff,**

**v.**                                     **Civil Action No. 1:08CV211**

**JOHN POTTER, Postmaster General,**
      **Defendants.**

## ORDER/OPINION

On May 17, 2010, Non-party Dominion Transmission, Inc. ("Dominion") filed a Motion to Quash or Modify Subpoena [Docket Entry 76]. On June 1, 2010, Defendant, John Potter ("Defendant") filed a Response to the Motion to Quash or Modify Subpoena [Docket Entry 84]. This matter has been referred to the undersigned United States Magistrate Judge by Order dated May 19, 2010 [Docket Entry 78]. On June 23, 2010, both parties and non-party Dominion came before the Court to be heard regarding the motion. Plaintiff was represented by Robert T. Goldberg, Defendant was represented by Rita Valdrini, and Dominion was represented by Rodney Bean.

## Procedural History

The Plaintiff in this case, Kathryn Munson ("Plaintiff") filed a complaint against Defendant Potter on November 28, 2008, alleging Discrimination on the Basis of Gender and Disparate Treatment in Violation of Title VII; Sexual Harassment and Creation of a Hostile Work Environment; and Retaliation. Defendant filed an Answer to the Complaint on April 3, 2009. On June 24, 2009, the District Court entered a Scheduling Order in this matter setting the close of discovery as February 26, 2010, and Trial for July 26, 2010.

## Discussion

On February 8, 2010, Defendant subpoenaed non-party Dominion Transmission, Inc. to produce documents at the trial of this case on July 26, 2010. The Complaint alleges that Plaintiff

Munson had been a part-time employee of the U.S. Postal Service, while at the same time a part-time employee of non-party Dominion. The subpoena requires Dominion to produce at trial "all company records" concerning Munson, who is currently a full-time Dominion employee. Although the subpoena identifies several specific categories of records sought, it is "not limited" to those categories.

Dominion argues that among the company records maintained by Dominion that concern Plaintiff is "a legal department file that contains documents protected by the attorney-client and work-product privilege"and is therefore not discoverable. Pursuant to Fed.R.Civ.P. 45(c)(3)(A), the issuing court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no waiver or exception applies." Dominion asserts that no waiver or exception applies in this matter, and that therefore, to the extent the subpoena requires production of Dominion's legal department file concerning Plaintiff, the subpoena must be quashed.

In response, Plaintiff states, and also represented to the Court during the hearing, that it "does not request records protected by the attorney-client or work-product privilege as asserted by Dominion Transmission."

Dominion next argues that the subpoena requires it to produce and place into the public record documents that contain sensitive and confidential information concerning Plaintiff, including medical information and her social security number. Dominion objects to producing this information, but if required to do so, requests the Court enter a protective order to insulate the material from inappropriate use and to govern its use. Defendant responds and represented to the Court during the hearing that he was amenable to the fashioning of a protective order if deemed necessary by the Court.

Finally, Dominion objects to producing "certain material that is subject to a contractual

confidentiality agreement forbidding its identification or disclosure 'other than as may be required by law.'" Dominion asserts that , unless the Court specifically orders it to produce such material, its disclosure could breach Dominion's contractual obligation under its confidentiality agreement with Plaintiff. Further, Dominion argues that the material is in the possession of Plaintiff as well as Dominion, and could be obtained from her through discovery.

In its conclusion, Dominion requests that the Court:

1) Quash the subpoena, or, in the alternative

2) Modify the subpoena to:

A) Dissolve any obligation to produce Dominion's legal department file concerning Plaintiff;

B) Protect from public disclosure confidential or sensitive information contained in it's records concerning Plaintiff; and

C) Direct that Dominion need not produce material protected by confidential agreement when those materials also are in the possession of Plaintiff and can be obtained through the discovery process.

During the hearing, Defendant represented to the Court that the information sought from Dominion had been previously sought from Plaintiff through discovery; however, Plaintiff asserted in part, that the information was covered by her confidentiality agreement with Dominion and she could therefore not produce it without violating the agreement. Defendant deposed Plaintiff on March 2, 2010, but was again told the requested information was covered by the confidentiality agreement with Dominion. When asked by the Court why Defendant did not then attempt to compel the production of the materials from Plaintiff, Defendant's counsel stated that it was believed not all of the information would be in Plaintiff's possession, and it would be less burdensome to seek the

materials from her employer. Counsel then asserted that Defendant was not seeking the legal file, only the settlement agreement and other records reflecting allegations of sexual discrimination similar to those asserted in the instant case.

The Court finds Defendant is not entitled to the internal legal files of non-party Dominion, and, based on Defendant's own representations, also finds he is not seeking any attorney-client privileged or work-product information.

The Court then inquired how the information sought by Defendant was relevant to the instant case. Defendant responded that during the period of time relevant to the instant case, Plaintiff tape recorded conversations at the Post Office, in violation of Post Office regulations, and was therefore terminated. She allegedly recorded the conversations to support claims of sexual discrimination and/or harassment. During discovery, Defendant learned that Plaintiff had also tape recorded conversations at Dominion, also in support of claims of sexual discrimination and/or harassment there. Defendant asserts the information is therefore relevant as going to Plaintiff's state of mind, planning, and preparation, and argues that Plaintiff "sees herself as the victim in any number of places." Plaintiff was apparently successful in her claims at Dominion, receiving pecuniary benefits and a promotion. Defendant asserts that her success with Dominion provided her motive to seek the same type of relief from the Post Office. Further, Plaintiff seeks psychological and medical damages as a result of the actions of the Post Office; however, if she indeed did suffer any such damages, some, if not all, may be the result of the act(s) that took place at Dominion. Finally, the information may be relevant to mitigation of damages.

Dominion argues that some of the documents sought are privileged; others may contain personal identifiers, and still others may be subject to the confidential agreement, which binds both parties to that agreement. Dominion referred to Government Exhibit 1, Plaintiff's response to an

interrogatory, in which she stated that there was a confidential agreement with penalties for disclosure by either party. Dominion argues Plaintiff had equal access to all the documents, and Defendant should be required to proceed through Rule 26 prior to subpoenaing those documents from a non-party. The Court inquired of Dominion's counsel whether Dominion would object to Plaintiff providing the information subject to the confidentiality agreement. Counsel represented to the Court that Dominion would not object to the disclosure by Plaintiff if the documents were properly subpoenaed from Plaintiff.

Upon consideration of all which, the Court noted that it did not agree that a party could not use a subpoena to obtain information from a non-party that it had not already sought from a party during discovery. Whether or not that material may be admissible, however, was beyond the scope of this motion, and would be decided at the appropriate time by the trial judge. Further, the only way for the Court to know what was contained in the settlement agreement, and whether the parties were bound by the agreement, was to review the actual document *in camera*.

The Court therefore **ORDERS**:

1) Dominion's Motion to Quash, or, in the Alternative to Modify Subpoena is GRANTED with respect to the legal files protected under the attorney-client privilege or work product doctrine. Dominion shall not be required to disclose any such privileged or protected materials.

2) Dominion's Motion is GRANTED IN PART and DENIED IN PART as to Plaintiff's personnel files. To the extent such material is not subject to attorney-client or work-product privilege, those materials are ORDERED produced; however, they shall be redacted of any personal identifiers in accord with law.

3) While the Court during the hearing announced that Dominion's Motion would be held in

abeyance as regards the settlement agreement or complaints or allegations reflected in the settlement agreement until the Court had the opportunity to review the documents and that Dominion would be ordered to produce those document(s) to the Court for *in camera* review, upon further consideration of the issue, the Court finds such a procedure would only add an unnecessary step to the process. Taking Dominion Transmission, Inc.'s Counsel at his word that Dominion would not itself object to production of the settlement agreement or complaints or allegations reflected in the settlement agreement on the grounds that the confidentiality agreement precludes production and finding that Defendant has the ability to subpoena the same information from the Plaintiff and, if subpoenaed, the same would be available for the review by the District Judge relative to admissibility just as it would be for any *in camera review* the undersigned would have conducted, it is ORDERED that the motion to quash as to the settlement agreement, complaints, and allegations reflected in the settlement agreement be GRANTED.

4)      Defendant and Dominion both retain the right to appeal this decision.

For docketing purposes, Dominion's Motion to Quash or Modify Subpoena [Docket Entry 76] is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to the settlement agreement or complaints or allegations reflected in the settlement agreement.

The Clerk is directed to provide copies of this order to all counsel of record, including counsel for Dominion Transmission, Inc. and make appropriate notation on the docket of the Court's actual rulings.

It is so **ORDERED.**

Dated: June 24, 2010

                                        *John S. Kaull*
                                        JOHN S. KAULL
                                        UNITED STATES MAGISTRATE JUDGE